IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **JAVIER AGUIRRE-ESTRADA, ET AL.**, <br><br> Defendants. | Crim. No. 16-766-5 (DRD) |

**OPINION AND ORDER**

## I. Introduction

The United States charged Defendant Javier Antonio Aguirre-Estrada ("Defendant") with three counts of conspiracy to defraud Medicare, 18 U.S.C. §1349 and 2. Defendant moved to dismiss two of the three conspiracy counts, arguing the indictment is fatally multiplicitous because the government improperly charged one overarching conspiracy as three separate conspiracies. *See* Docket No. 119. The United States argues the indictment properly charges three separate conspiracies, as each conspiracy requires proof of particular facts that distinguish it from the others. *See* Docket No. 134. For the reasons provided below, the Court **DENIES** Defendant's *Motion to Dismiss*.

## II. Analysis

"A prosecution is multiplicitous when the government charges a defendant twice for what is essentially a single crime." *United States v. Chiaradio*, 684 F.3d 265, 272 (1st Cir. 2012). In times where "a claim of multiplicity is premised on an indictment alleging several violations of a single statutory provision, an inquiring court must determine whether there is a sufficient factual basis to treat each count as separate." *United States v. Stefanidakis*, 678 F.3d 96, 100–01 (1st Cir. 2012)(citations omitted). The Court must deny Defendant's motion if the face of the indictment contains a sufficient factual basis to treat the conspiracies

1

charged in Counts Five, Eleven, and Fourteen as separate offenses. The Court first discusses each count, its participants, and the allegations contained therein.

### *The Charges*

Count Five charges Defendant with conspiring with Codefendants Dante Rodriguez-Rivera ("Rodriguez-Rivera"), Javier Siverio-Echevarria ("Siverio-Echevarria"), and Carlos Maldonado-Lopez ("Maldonado-Lopez") to defraud Medicare by filing six-hundred forty-six (646) fraudulent reimbursement claims for durable medical equipment. Rodriguez-Rivera, a medical professional, signed and completed the claims using the names of Medicare beneficiaries with whom Rodriguez-Rivera did not have a doctor-patient relationship. Defendant then submitted these reimbursement claims on behalf of Equipomed Care Corp., his employer, and presumptively enjoyed the fruits of his participation in the fraud.

Count Eleven charges Defendant with conspiring with Codefendants Rodriguez-Rivera, Siverio-Echevarria, George Alcantara-Cardi ("Alcantara-Cardi"), and Maldonado-Lopez to defraud Medicare by filing three-hundred seven (307) fraudulent reimbursement claims for durable medical equipment. Like Rodriguez-Rivera in Count Five, Alcantara-Cardi, a medical professional, signed and completed the claims using the names of Medicare beneficiaries with whom he had no doctor-patient relationship. Defendant then submitted the claims for reimbursement to Medicare on his employer's behalf.

Count Fourteen charges Defendant with conspiring with Codefendants Rodriguez-Rivera, Siverio-Echevarria, Martha Nieves ("Nieves"), and Maldonado-Lopez to defraud Medicare by filing ninety-four (94) fraudulent reimbursement claims. Like Rodriguez-Rivera and Alcantara-Cardi, Nieves, a medical professional, signed and completed the claims using the names of Medicare beneficiaries with whom she had no doctor-patient relationship. Defendant then submitted these claims to Medicare.

### *Multiplicitious Conspiracies*

The beacon guiding the Court's analysis is the "same evidence" test delineated in *Blockburger*. *See United States v. Laguna-Estela*, 394 F.3d 54, 56–57 (1st Cir. 2005)("In most double jeopardy cases, courts

use the 'same evidence' test articulated in *Blockburger v. United States. . . ")*; *see also Blockburger v. United States,* 284 U.S. 299, 304 (1932). Generally, the test requires "a determination whether each offense requires an element of proof that the other does not." *Laguna-Estela, id.* (citing *United States v. LiCausi,* 167 F.3d 36, 46 (1st Cir.1999)).

Courts posed with the question of whether counts are multiplicitous must "ultimately look at the totality of the circumstances." *United States v. Mangual-Santiago*, 562 F.3d 411, 421 (1st Cir. 2009). The First Circuit has provided a particularized framework for determining whether an indictment charges one conspiracy or multiple conspiracies: "(a) the time during which the activities occurred; (b) the persons involved; (c) the places involved; (d) whether the same evidence was used to prove the two conspiracies; and (e) whether the same statutory provision was involved in both conspiracies." *Id.* (quoting *United States v. Gómez-Pabón,* 911 F.2d 847, 860 (1st Cir.1990)). Additional factors include, "the existence of a common goal, evidence of interdependence among the participants, and the degree to which their roles overlap." *United States v. Alejandro-Montanez*, 778 F.3d 352, 359 (1st Cir. 2015); *see also United States v. Portela*, 167 F.3d 687, 695 (1st Cir. 1999)(discussing the aforementioned factors); and *United States v. Sanchez-Badillo*, 540 F.3d 24, 29 (1st Cir. 2008)(same). "The government need not show that each conspirator knew of or had contact with all other member . . . [n]or need it show that the conspirators knew all of the details of the conspiracy or participated in every act in furtherance of the conspiracy." *United States v. Soto-Beniquez*, 356 F.3d 1, 19 (1st Cir. 2003).

"Whether the evidence evinces one or multiple conspiracies 'is a question of fact for the jury and is reviewed only for the sufficiency of the evidence.'" *Alejandro-Montañez*, 778 F.3d at 358 (quoting *United States v. Nemi*, 579 F.3d 123, 127 (1st Cir. 2009)). However, "courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." *United States v. Guerrier*, 669 F.3d 1, 4 (1st Cir. 2011)(internal citations omitted). Therefore, unless the government makes

a full proffer of the evidence they will present at trial, the Court cannot accurately assess whether the evidence supports one or several conspiracies. All the Court has before it at this time is the indictment.

*Are the Charges Multiplicitous?*

As alleged in the indictment, the conspiracies took place in a six-year span, from February 2007 to July 2013. The similarities between the three are obvious—all three invoke the same statutory provision; all three occurred in Puerto Rico; Equipomed, Inc., facilitated all three conspiracies; and Defendant and Codefendants Rodriguez-Rivera, Siverio-Echevarria, and Maldonado-Lopez participated in all three conspiracies. The three remaining codefendants each participated in only one of the conspiracies and the indictment is silent on whether the defendants that participated in one conspiracy were aware of the existence of two additional fraudulent schemes.

The Court presumes that the government will use some of the same items of evidence to prove all three counts. However, a particular set of fraudulent claims gave rise to each conspiracy. This suggests the conspiracies ran as independent enterprises that benefitted only those participating in the particular conspiracy, as opposed to mutually beneficial endeavors. This alone may support a finding multiple conspiracies. Without the benefit of hearing the evidence adduced at trial, the Court may not reach a definitive conclusion on that fact and need not do so today. The Court will not dismiss the indictment pursuant to arguments the government may counter with the evidence at trial.

### III. Conclusion

"There is no inflexible rule that the exclusive remedy for multiplicitous counts is election between them." *United States v. Pires*, 642 F.3d 1, 16 (1st Cir. 2011) (citing *Ball v. United States,* 470 U.S. 856, 864, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985)). At a later juncture, the Court may " vacate both the conviction and the sentence as to all but one count, essentially merging the offending counts." *Id.* (citing *United States v. Lilly,* 983 F.2d 300, 306 (1st Cir.1992)). Therefore, although the Court **DENIES** Defendant's motion (Docket

4

No. 119) as presently construed, the Court encourages Defendant to restate his multiplicity argument if the evidence provided at trial supports only one conspiracy.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of August, 2017.

/s/ DANIEL R. DOMINGUEZ
DANIEL R. DOMINGUEZ
U.S. District Judge